1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:10-cv-00955-RAJ |
| Plaintiff, | DEFAULT JUDGMENT, ASSET FREEZE, AND |
| v. | PERMANENT INJUNCTION AGAINST GARY SORENSON, AND MILOWE BROST |
| MERENDON MINING (NEVADA) INC, et al., | |
| Defendants | |

By separate order, the court has ordered the entry of this default judgment against Defendants Gary Sorenson (also known as Don Grey Fox) and Milowe Brost (also known as Milow Brost, M.B. Gonne, and Phillip K. Collins).

**Permanent Injunction**

1.   IT IS ORDERED, ADJUDGED, AND DECREED that Gary Sorenson also known as Don Grey Fox, Merendon Mining Corp. Ltd., Milowe Brost are hereby permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of

any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2.    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gary Sorenson and Milowe Brost are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3.    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gary Sorenson and Milowe Brost are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Milowe Brost and Gary Sorenson are permanently enjoined and restrained from, directly or indirectly, violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by acting as a broker or dealer unless registered as provided by law.

5. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Milowe Brost and Gary Sorenson are permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**Asset Freeze**

IT IS ORDERED, ADJUDGED, AND DECREED that Gary Sorenson and Milowe Brost are hereby prohibited, pending a final judgment or other order of the court, from selling, transferring, encumbering or otherwise dissipating any assets obtained from the conduct described in the SEC's complaint.

**Monetary Relief**

1. IT IS ORDERED, ADJUDGED, AND DECREED that Gary Sorenson and Milowe Brost are liable jointly and severally to pay disgorgement of $210,159,622 plus

prejudgment interest at the rate authorized in 26 U.S.C. § 6621(a)(2) from September 14, 2009 until the date of entry of final judgment, with postjudgment interest at the rate authorized in 28 U.S.C. § 1961.

  2. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Gary Sorenson and Milowe Brost are liable jointly and severally to pay a third-tier civil penalty pursuant to Section 20(d)(2) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3)(B)(iii) in the amount of $100,000,000, with prejudgment interest at the rate authorized in 26 U.S.C. § 6621(a)(2) from the date of this judgment until the date of entry of final judgment, with postjudgment interest at the rate authorized in 28 U.S.C. § 1961.

  The Court shall retain jurisdiction of this matter for purposes of enforcing the permanent injunction.

  Dated this 12th day of November, 2010.

                WILLIAM M. McCOOL

                Clerk

                /s Consuelo Ledesma

                Deputy Clerk