Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>MERENDON MINING (NEVADA) INC, )<br>et al. )<br>Defendants )<br>)<br>)<br>)<br>_____ ) | Civil Action No.: 2:10-cv-00955<br><br>FINAL JUDGMENT AGAINST<br>MERENDON MINING (NEVADA)<br>INC., SYNDICATED GOLD<br>DEPOSITORY INC, now known as<br>BAHAMAS RESOURCES<br>ALLIANCE LTD., MERENDON<br>MINING CORP LTD., and<br>INSTITUTE FOR FINANCIAL<br>LEARNING GROUP COMPANIES<br>INC. |

This judgment is entered in accordance with the court's April 30 order entering

judgment against Defendants Merendon Mining (Nevada), Inc. ("MMNI"), Syndicated Gold

Depository Inc. ("SGD"), Merendon Mining Corp. Ltd. ("Merendon"), and Institute For

Financial Learning Group Of Companies, Inc. ("IFFL").

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that MMNI, SGD,

Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all persons in

active concert or participation with them who receive actual notice of this Permanent Injunction

1   by personal service or otherwise are permanently restrained and enjoined from violating,

2   directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")

3   [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using

4   any means or instrumentality of interstate commerce, or of the mails, or of any facility of any

5   national securities exchange, in connection with the purchase or sale of any security:

6          (a)     to employ any device, scheme, or artifice to defraud;

7          (b)     to make any untrue statement of a material fact or to omit to state a material fact

8   necessary in order to make the statements made, in the light of the circumstances under which

9   they were made, not misleading; or

10         (c)     to engage in any act, practice, or course of business which operates or would

11  operate as a fraud or deceit upon any person.

12                                    II.

13       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that MMNI,

14  SGD, Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all

15  persons in active concert or participation with them who receive actual notice of this Permanent

16  Injunction by personal service or otherwise are permanently restrained and enjoined from

17  violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in

18  the offer or sale of any security by the use of any means or instruments of transportation or

19  communication in interstate commerce or by use of the mails, directly or indirectly:

20         (a)     to employ any device, scheme, or artifice to defraud;

21         (b)     to obtain money or property by means of any untrue statement of a material fact

22  or any omission of a material fact necessary in order to make the statements made, in light of

23  the circumstances under which they were made, not misleading; or

24

1        (c)     to engage in any transaction, practice, or course of business which operates or

2  would operate as a fraud or deceit upon the purchaser.

3                         III.

4      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that MMNI,

5  SGD, Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all

6  persons in active concert or participation with them who receive actual notice of this Permanent

7  Injunction by personal service or otherwise are permanently restrained and enjoined from

8  violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the

9  absence of any applicable exemption:

10       (a)     Unless a registration statement is in effect as to a security, making use of any

11  means or instruments of transportation or communication in interstate commerce or of the

12  mails to sell such security through the use or medium of any prospectus or otherwise;

13       (b)     Unless a registration statement is in effect as to a security, carrying or causing to

14  be carried through the mails or in interstate commerce, by any means or instruments of

15  transportation, any such security for the purpose of sale or for delivery after sale; or

16       (c)     Making use of any means or instruments of transportation or communication in

17  interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of

18  any prospectus or otherwise any security, unless a registration statement has been filed with the

19  Commission as to such security, or while the registration statement is the subject of a refusal

20  order or stop order or (prior to the effective date of the registration statement) any public

21  proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

22

23

24

1                                           IV.

2          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

3    retain jurisdiction of this matter for the purposes of enforcing the terms of this Permanent

4    Injunction.

5    Entered this 1st day of May, 2012.

6

7                                                    WILLIAM M. MCCOOL
                                                     Clerk of Court

8
                                                     s/Consuelo Ledesma
9                                                    Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24