Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff  )<br>)<br>v.  )<br>)<br>MERENDON MINING (NEVADA) INC,  )<br>et al.  )<br>Defendants  )<br>)<br>)<br>)<br>) | Civil Action No.: 2:10-cv-00955<br><br>AMENDED JUDGMENT AGAINST MERENDON MINING (NEVADA) INC., SYNDICATED GOLD DEPOSITORY INC, now known as BAHAMAS RESOURCES ALLIANCE LTD., MERENDON MINING CORP LTD., and INSTITUTE FOR FINANCIAL LEARNING GROUP COMPANIES INC. |

This judgment is entered in accordance with the court's October 30 order entering an amended judgment against Defendants Merendon Mining (Nevada), Inc. ("MMNI"), Syndicated Gold Depository Inc. ("SGD"), Merendon Mining Corp. Ltd. ("Merendon"), and Institute For Financial Learning Group Of Companies, Inc. ("IFFL").

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that MMNI, SGD, Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction

by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that MMNI, SGD, Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that MMNI, SGD, Merendon, and IFFL and their agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

   (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

   (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

1   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that IFFL and its agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with it who receive actual notice of this Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act by effecting transactions in securities for the account of others, making use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or inducing or attempting to induce the purchase or sale of, a security without being registered in accordance with Section 15(a) of the Exchange Act.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Permanent Injunction.

Entered this 30th day of October, 2012.

WILLIAM M. MCCOOL
Clerk of Court

s/Consuelo Ledesma
Deputy Clerk