1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | &#124; | Case No. 2:10-cv-00955-RAJ |
| Plaintiff, | &#124; | JUDGMENT AND PERMANENT INJUNCTION AGAINST MARTIN WERNER |
| v. | &#124; | |
| MERENDON MINING (NEVADA) INC, et al., | &#124; | |
| Defendants. | &#124; | |

In accordance with the court's October 30, 2012 order, the court enters this judgment and permanent injunction against Defendant Martin Werner.

I.

IT IS HEREBY ORDERED that Defendant Martin Werner and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder

[17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED that Defendant Martin Werner and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

1      (c)      to engage in any transaction, practice, or course of business which operates or

2      would operate as a fraud or deceit upon the purchaser.

3      III.

4      IT IS HEREBY FURTHER ORDERED that Defendant Martin Werner and his agents,

5 servants, employees, attorneys, and all persons in active concert or participation with them who

6 receive actual notice of this  Judgment by personal service or otherwise are permanently

7 restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §

8 77e] by, directly or indirectly, in the absence of any applicable exemption:

9      (a)      Unless a registration statement is in effect as to a security, making use of any

10      means or instruments of transportation or communication in interstate commerce

11      or of the mails to sell such security through the use or medium of any prospectus

12      or otherwise; or

13      (c)      Making use of any means or instruments of transportation or communication in

14      interstate commerce or of the mails to offer to sell or offer to buy through the

15      use or medium of any prospectus or otherwise any security, unless a registration

16      statement has been filed with the Commission as to such security, or while the

17      registration statement is the subject of a refusal order or stop order or (prior to

18      the effective date of the registration statement) any public proceeding or

19      examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

20      IV.

21      IT IS FURTHER ORDERED that, pursuant to Section 21(d)(2) of the Exchange Act

22 [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant

23 Martin Werner is prohibited from acting as an officer or director of any issuer that has a class

1  of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is

2  required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3                                          V.

4         IT IS HEREBY FURTHER that Defendant Martin Werner is liable for disgorgement of

5  $1,076,673.47, together with prejudgment interest thereon in the amount of $191,970.76, for a

6  total of $1,268,644.23.  The Commission may enforce the Court's judgment for disgorgement

7  and prejudgment interest by moving for civil contempt (and/or through other collection

8  procedures authorized by law) at any time after 14 days following entry of this judgment.

9  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC

10  § 1961.

11                                         VI.

12         IT IS FURTHER ORDERED that Defendant Martin Werner shall pay a civil penalty in

13  the amount of $300,000 pursuant to 15 U.S.C. § 77t(d)(2); 15 U.S.C. § 78u(d)(3)(B)..

14  Defendant shall make this payment within 14 days after entry of this Order.  Defendant shall

15  pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The

16  Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

17                                         VII.

18  IT IS FURTHER ORDERED that Werner's Consent is incorporated herein with the same force

19  and effect as if fully set forth herein, and that Defendant shall comply with all of the

20  undertakings and agreements set forth therein.

21  Dated:  October 30, 2012

22

23                                    _____

                                      The Honorable Richard A. Jones
                                      United States District Court Judge